UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVE CAMPBELL AND<br>CATRENIA "DAWN"<br>CAMPBELL,<br><br>    Plaintiffs,<br><br>VS.<br><br>NATIONAL DEVELOPMENT<br>COMPANY, INC., *et al.*,<br><br>    Defendants. | §§§§§§§§§§§§§    Civ. No. 4:12-cv-00165 |

## ORDER

Before the Court is *pro se* Plaintiffs' Motion to Vacate/Rescind Order of Dismissal ("Motion"). (Doc. No. 16.) The Court will construe Plaintiffs' Motion as a Motion to Reconsider the Judgment under Rule 59(e). After considering the Motion and the applicable law, the Court concludes that the Motion should be **DENIED**.

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). For motions for reconsideration filed within 28 days of a court's order, courts apply Federal Rule of Civil Procedure 59(e). *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, No. H–11–3218, 2011 WL 6091807, at *5 (S.D. Tex. Dec. 7, 2011) (citing *Steadfast Ins. Co. v. SMX 98, Inc.*, No. H-06-2736, 2009 WL 3190452, at *4-5 (S.D. Tex. Sept. 28, 2009)). "A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581

1

(5th Cir. 2002)). According to the Fifth Circuit, "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478-79 (citing *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). In sum, "a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Rosenweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Although "the district court enjoys considerable discretion in granting or denying" a motion under Rule 59(e), 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed. 2011), the Fifth Circuit cautions that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).

Plaintiffs ask the Court to reconsider its oral ruling on March 29, 2012 granting Defendants' Motion to Dismiss on the grounds of lack of personal jurisdiction. Plaintiffs urge that according to a Trust Indenture, Woodland Lakes Trusteeship verifies that Woodland Lakes Development's owner, National Development Company, is a Texas corporation. (Mot. Vacate at 2.) This information is not newly discovered; therefore, Rule 59(e) relief is unwarranted. *See, e.g., Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003) ("This Court has held that a 59(e) motion to reconsider should not be granted unless: (1) the facts discovered are of such a nature that they would

probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." (citing *English v. Mattson*, 214 F.2d 406, 409 (5th Cir. 1954))). Indeed, Plaintiffs offer no reasons for why this document could not have been submitted to the Court prior to its ruling. *See, e.g., U.S. v. Cordero*, No. H-09-1232, 2010 WL 2472268, at *1 (S.D. Tex. June 15, 2010). Plaintiffs cannot use Rule 59(e) relief to "'re-litigate matters that have been resolved to [their] dissatisfaction'" or receive a "'second bite at the apple.'" *Id.* (quoting *Alvarado v. Texas Rangers*, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005)). Furthermore, the document, if produced earlier, would not have changed the Court's decision, as it does not help Plaintiffs create a *prima facie* case of personal jurisdiction over Defendants. The Court concludes that Plaintiffs' Motion must be **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 3rd day of May, 2012.

_____
**KEITH P. ELLISON**
**US DISTRICT COURT JUDGE**

3